JOSÉ FONT, demandante y apelado, *v.* INÉS CASTRO y R. RULLÁN, demandados y apelante el primero.

No. 4852.—*Sometido:* Diciembre 13, 1929. *Resuelto:* Junio 25, 1930.

*José Veray Jr.*, abogado de la apelante; *Rafael Arjona Siaca*, abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En la demanda enmendada que sirve de base a este pleito se alega que los demandados allá por el mes de enero de 1923, suscribieron a favor del demandante, y le entregaron, una obligación en la cual se comprometieron a pagarle mancomunada y solidariamente, $728, el 31 de enero de 1924, con intereses al doce por ciento anual, y que los demandados, ni a la fecha del vencimiento, ni después, han satisfecho, ni separada ni conjuntamente, al demandante, la expresada suma, ni en todo ni en parte, ni lo ha hecho ninguna otra persona a nombre de ellos.

Excepcionaron los demandados la demanda, por no aducir hechos suficientes para determinar una causa de acción, la contestaron aceptando el otorgamiento del pagaré y negando que no estuviera satisfecho, y alegando, además, como materia nueva, que con anterioridad al 31 de enero de 1924, el demandado, Inés Castro, efectuó el pago, entregando los $728 al propio demandante, José Font.

Declarada la excepción sin lugar, fué el pleito a juicio, y apreciando la prueba en muy cuidadosa opinión, la corte de distrito finalmente declaró la demanda con lugar, condenando a los demandados a pagar al demandante la suma reclamada, intereses y costas.

No conformes los demandados, apelaron para ante este tribunal. Señalan en su alegato la comisión de tres errores.

Refiérese el primero a la excepción previa. Admiten los apelantes al discutirlo, que la demanda tal como quedó finalmente redactada es perfecta, porque se alegó no sólo que los demandados suscribieron la obligación, si que también la entregaron al demandante. Si esto es así, los mismos

apelantes reconocen que la excepción fué declarada sin lugar debidamente y el error no existe.

La excepción previa admite la verdad de los hechos tales como se alegan. No es posible discutir una excepción como lo hacen los apelantes en su alegato, sosteniendo que la entrega que se alegó en la demanda que se hizo al demandante, no quedó comprobada en el juicio.

Si tal entrega no se hubiere demostrado, procedería declarar la demanda sin lugar, no a virtud de falta de hechos alegados, sino a consecuencia de falta de prueba.

Examinando el extremo como falta de prueba, diremos que en verdad en el acto de la vista no se demostró que la entrega se hubiera hecho personalmente a José Font, pero sí se demostró hasta la saciedad, no ya por prueba del demandante, si que por la de los propios demandados, que se entregó a su agente, Romaguera, y ello es bastante para sostener la alegación.

El segundo y el tercero de los errores señalados se refieren a la apreciación de la prueba.

Es tan grave la conclusión a que llegara la corte de distrito al apreciar la prueba, que hemos examinado este caso no en una, sino en dos ocasiones, dejando transcurrir entre ellas bastante tiempo. En las dos nos hemos convencido de que el juez tuvo razón.

Los $728 que aquí se reclaman proceden de una deuda mayor. El verdadero deudor lo ha sido siempre el demandado Inés Castro, pero como el otro demandado, Rullán, asumió la responsabilidad de pagar, es igualmente responsable de acuerdo con la ley y la jurisprudencia.

Los demandados habían reconocido deber a José Aguiló $1,318.08. Aguiló traspasó el documento al demandante Font. No pudiendo satisfacer la totalidad de la deuda, los demandados obtuvieron del acreedor, Font, por medio del agente de éste, Romaguera, que admitiera el pago de parte de la misma, otorgándose un nuevo documento por el resto.

El nuevo documento se extravió en la oficina del agente,

y al gestionarse privadamente el cobro, Castro se negó. Font, entonces, inició este pleito.

Los demandados no sólo declararon que la deuda se pagó, si que presentaron como prueba un pagaré por $728, a favor del demandante, suscrito por ellos, con nota de haberse cancelado, declarando Castro que mandó a su hijo, Ernesto Castro, a Ponce, a pagarlo, y a su vez Ernesto Castro, que dijo que fué a Ponce enviado por su padre, y entró en la casa de Font, y le pagó, y Font le entregó el documento cancelado. Otro testigo, Aurelio Méndez, declaró que fué a Ponce acompañando a Castro y se quedó en el auto mientras Castro entró a la casa de Font, viendo luego en manos de Castro el documento que le entregara Font.

No obstante toda esa prueba, la corte falló en contra de los demandados, como ya hemos dicho. Font declaró que nadie le había pagado, y que lo dicho por Ernesto Castro es falso. Romaguera, agente de Font, también declaró que la deuda no había sido satisfecha y que el documento se extravió en su oficina, extremo sobre el cual declararon también sus empleados.

En *rebuttal* se presentaron por el demandante dos declaraciones de la mayor importancia, las de José Aguiló y Alfonso Gonzague.

Declarando Inés Castro, aseguró que él nada había sabido sobre el extravío del documento. Sin embargo, Aguiló dijo:

"Pues bien: cuando el señor Font me escribió diciéndome que creía que el documento se había extraviado, esto es, el nuevo documento, porque en la transacción que hicieron él pagó seiscientos y pico de pesos o sea la mitad de los mil trescientos, pues le escribí al señor Castro diciéndole que el documento se había extraviado."

Y el interrogatorio de Gonzague, que dijo ser un empleado del Departamento del Interior, que durmió por algún tiempo en casa de Inés Castro, es, en parte, como sigue:

"¿Quiere usted informarme qué fué lo que le dijo el señor Inés Castro en relación con eso?—Él me suplicó para que viniera a servirle de testigo a la corte como que él había pagado una cantidad

en Ponce; me dijo que el documento donde constaba la cantidad esa se había extraviado y 'que si yo le hacía el favor de venir a declarar como afirmando que delante de mí Ernesto Castro había ido a Ponce y delante de mí le había pagado al señor Romaguera una cantidad de dinero y que yo dijera que había visto cuando él le había entregado el documento a que se refería esa cantidad.—¿Usted aceptó esa proposición del señor Castro?—Nunca; yo soy una persona honrada.—Abogado del demandante: Nada más.—A preguntas del Abogado de los demandados, declaró: ¿Usted es amigo de don Inés Castro o enemigo?—Amigo.—¿Lo quiere mucho?—Yo no lo quiero mal; solamente me ha ofendido la proposición esa.''

Si a esto se agrega que en las declaraciones de los demandados Castro y Rullán, se advierten las vacilaciones y contradicciones a que se refiere el juez de distrito en su opinión; que pesando la prueba documental se encuentra que, como en sus propias palabras dice el juez sentenciador, ''de la copia de la carta del señor Romaguera fechada en febrero 14, año 1923, en Ponce y dirigida al señor Castro, el señor Romaguera le decía en el segundo párrafo que le enviaba el pagaré por $728 para que se sirviera firmarlo conjuntamente con el señor Rullán. El señor Romaguera, al declarar, manifestó que la letra manuscrita que llena los blancos del impreso del pagaré presentado por'los demandados no es la de ninguno de los empleados de su oficina, y examinando el documento contiene un dato que, dentro de las circunstancias, estima el juzgador que es de suma importancia. El pie impreso para fechar dicho documento contiene las palabras 'Lares_____de_____de mil novecientos' en letras de imprenta, siendo así que el señor Romaguera que reside y ejerce el comercio en Ponce, manifestó que él no tiene en su oficina blancos de pagarés para fecharse en Lares, y que el propio Inés Castro duda, vacila pero no niega que fuera el pagaré que le remitiera para su firma el señor Romaguera desde Ponce el documento que después de suscrito por él y el codemandado señor Rullán se le devolviera al domicilio del expresado señor Romaguera;'' se concluirá

que *la sentencia apelada tiene justificación plena en los autos, y debe, en tal virtud, ser confirmada.*